## VAIDEN v. ABNEY.

When a continuance is refused by a district judge, the Supreme Court will not disturb the judgment rendered, even when the correctness of the particular ground on which the judge *a quo* placed his refusal, is doubtful, provided the court be satisfied that there was another valid ground for the refusal of the continuance, presented by the party opposing it.

The rule, that on an application for a continuance, due diligence should be shown, is well settled.

It is equally clear, that a party's assertion that he has used due diligence will not be heeded, when his *laches* are patent upon the record.

APPEAL from the District Court of the Parish of Bossier, *Bullard*, J. *Crain* and *Jones*, for plaintiff. *Lawson* and *Fuller*, for defendant. By the court :

SLIDELL, J. The defendant complains that a continuance was improperly refused by the district judge, and asks that the cause be remanded. When a continuance is refused by a district judge, we are not disposed to disturb a judgment rendered, even if we doubt the correctness of the particular ground on which the judge placed his refusal, provided we are satisfied there was another valid ground for the refusal of the continuance, presented by the party opposing it.. In the present case, one of the grounds upon which the plaintiff opposed the continuance was, that the defendant had not used due diligence to obtain the testimony of the witness, for the purpose of obtaining whose testimony, the defendant desired further time. We think the want of due diligence was manifest. This cause was put at issue in August, 1848. In May, 1851, the defendant applied for a continuance, in order to obtain the testimony of a witness, on commissions. In May, 1852, when the cause, after this long delay, came to trial, the application for continuance which we are now considering, was made. The defendant states in his affidavit, that he took out a commission in February, 1852, and sent it to Alabama, but it has not been returned. He does not explain why he waited so long before taking out the commission, nor what measures he took to procure its execution; nor does he give any reasonable excuse for all his antecedent negligence. If, under such circumstances, defendant can obtain continuance, litigation would be endless.

The rule, that on an application for continuance, due diligence should be shown, is too well settled to require comment. It is equally clear, that a party's assertion that he has used due diligence will not be heeded, where his *laches* are patent upon the record.

Judgment affirmed, with costs.